# JANUARY TERM, 1922.*

---

PEOPLE *v.* O'KEEFE.

1. CRIMINAL LAW — DISTURBING THE PEACE — EVIDENCE — SUFFI-
CIENCY.
  In a prosecution under 3 Comp. Laws 1915, § 15483, for
  disturbing the peace, where the evidence failed to show
  any "disturbance or contention," defendant's motion for
  a directed verdict of "not guilty" should have been granted.

2. SAME—TRIAL—ARGUMENT OF COUNSEL—INFERENCES.
  While, in a criminal prosecution, the prosecutor, in his
  argument to the jury, has the right to draw all reasonable
  inferences from the proofs submitted which tend to show
  guilt of the offense charged, he has no right to infer or
  challenge the attention of the jury to the fact that de-
  fendant was committing a crime with which he was not
  charged.

Error to recorder's court of Detroit; Marsh (Pliny
W.), J.   Submitted January 13, 1922.   (Docket No.
162.)   Decided March 30, 1922.

John O'Keefe, *alias* John Wilson, was convicted of
disturbing the peace, and sentenced to imprisonment
for 90 days in the Detroit house of correction.   Re-
versed, and defendant discharged.

*Speed, Ring & Kelly,* for appellant.

*Merlin Wiley,* Attorney General, *Paul W. Voorhies,*
Prosecuting Attorney, and *James E. Chenot* and *Robert
M. Toms,* Assistants Prosecuting Attorney, for the
people.

---

*Continued from Vol. 217.

SHARPE, J. The defendant was convicted and sentenced under section 15483, 3 Comp. Laws 1915. The complaint charged that he—

"was guilty of disorderly conduct, for that the said defendant then and there was making and assisting in making a noise, disturbance and improper diversion by which the peace and good order of the neighborhood was disturbed."

The only witness sworn was Police Officer Roche. He testified that while near the corner of Griswold street and Michigan avenue in Detroit he noticed the defendant and another man among a number of people standing in the safety zone waiting to board a street car; that they "seemed to be moving around;" that as the car stopped they—

"began to push and jostle unnecessarily, and at that time I ran from the sidewalk out to where they were;"

that they each had a light overcoat on their arms. Over objection of defendant's counsel, he was permitted to indicate how they apparently jostled one person, the inference being that they were getting ready to pick his pocket. He attempted to arrest both of them, but the man other than the defendant broke away and fled and was not afterwards apprehended.

The court charged the jury that there was no evidence of any noise having been made, that they must confine their deliberations to "disturbance and improper diversion." He further instructed the jury:

"Reference has been made here to a charge of larceny from the person. Now, there is no evidence here, there is no charge or claim here by the people, that the defendant was committing the crime known as larceny from the person, but men who are engaged in that activity, sometimes in the practice of their vocation, will get into a crowd,—the crowd boarding a street car, we will say,—two men working together; one gets in front, the other gets behind, and the victim is in between the two; the man in front jams back,

the man behind jams forward.    Now, it may be that they do not accomplish their purpose of taking any property from the person under these circumstances; it may be that their victim is entirely unaware of the fact that an attempt has been made to take from him his property, but a disturbance of the peace has been created because the right of the citizens to use the streets and the public places in a proper and lawful manner has been infringed upon, and such conduct as that would constitute a disturbance of the peace."

The assistant prosecuting attorney, in his closing argument, said "something to the effect that perhaps a pocketbook was what the defendant was after." An objection and exception was taken to this remark, but it was evidently not deemed improper by the court. He further said:

"I will say one more thing, gentlemen of the jury: In my opinion, under the circumstances of the case and as you ought to know them to exist from what Officer Roche told you, that a verdict of not guilty in this case would comprise in itself a nice invitation for every dip and every pickpocket in the United States to come to Detroit and ply their trade.

"*Mr. Nichols:* I take an exception to that.

"*The Court:* Very well.

"*Mr. Moll:* (Continuing) And with safety and with official sanction.

"*Mr. Nichols:* I ask at this time that this be declared a mistrial.

"*The Court:* I don't think the prosecutor is going beyond the deductions he is entitled to draw from the testimony.

"*Mr. Nichols:* For disturbing the peace?

"*The Court:* From the testimony, I say, not from the charge.

"*Mr. Nichols:* I want an exception."

It seems apparent to us that the defendant was tried and convicted by the jury of an attempt to commit a larceny from the person.    We do not think the elements necessary to establish an offense under this statute were proven.

The statute has long been on our books. It reads, in part, as follows:

"If any person shall make or excite any disturbance or contention in any * * * street, * * * he shall be deemed guilty of a misdemeanor."

As first enacted, the limit of punishment was 10 days. This has, by amendment, been increased to 90 days. In the language of the statute, there must be a "disturbance or contention." It does not appear that any person other than the officer was "disturbed" or that there was any "contention" until he sought to make the arrest. It seems clear to us that the offense charged was not proven and that defendant's motion for a directed verdict of "not guilty" should have been granted. The language of Mr. Justice CAMPBELL in *Ware* v. *Branch Circuit Judge,* 75 Mich. 488, will be found illuminating on the question presented. See, also, 9 C. J. p. 386, and cases cited.

We are frequently asked to reverse cases for improper argument of prosecuting officers. That here complained of had no justification. If the testimony tended to show that the defendant was guilty of an attempted larceny, he should have been so charged. Counsel had the right to draw all reasonable inferences from the proofs submitted which tended to show guilt of the offense charged, but had no right to infer or challenge the attention of the jury to the fact that defendant was committing a crime with which he was not charged.

The conviction and sentence are set aside and the defendant discharged.

FELLOWS, C. J., and WIEST, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.