PEOPLE v. LIGHTSTONE.

1. CRIMINAL LAW—REPEAL OF STATUTES—PRELIMINARY EXAMINATION—MOTION TO QUASH.
   Whether or not statute, referred to in a criminal warrant, had been repealed was properly not determined by examining magistrate, it being a question properly determinable on motion to quash information (CL 1948, §§ 431.1, 750.305).

2. STATUTES—IMPLIED REPEAL.
   Repeals by implication are not favored and will never be permitted if avoidable by any reasonable construction and unless the intent to repeal the earlier statute be clear.

3. GAMING—HORSE RACING—LICENSES—REGULATION BY RACING COMMISSIONER.
   Betting activities in connection with horse racing were intended to be confined to licensed premises under the supervision and control of the racing commissioner (CL 1948, § 431.1 et seq.).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 14 Am Jur, Criminal Law, § 241; 27 Am Jur, Indictment and Information, § 139.
[2] 50 Am Jur, Statutes, § 538.
[3, 4] 24 Am Jur, Gaming and Prize Contests, § 9.
[3, 4] Construction and application of statutes permitting specified forms of betting. 117 ALR 828.
[5] 27 Am Jur, Indictment and Information, § 100.
[6] 27 Am Jur, Indictment and Information, § 103.
[7] 27 Am Jur, Indictment and Information, § 57.

4. SAME—STATUTES—INFORMATION CONCERNING WAGERS—LICENSED PARI-MUTUEL SYSTEM.

>  The statute making it a misdemeanor to disseminate information concerning the making or laying of wagers or bets or the selling of pools or evidences of betting odds on any race is not inconsistent with nor repealed by the horse-racing act which licensed pari-mutuel or auction pool system of wagering and provided for the regulation of such activity by the racing commissioner (CL 1948, § 431.1 *et seq.*; § 750.305).

5. INDICTMENT AND INFORMATION—STATUTORY CRIME—CERTAINTY.

>  An indictment for a statutory misdemeanor is sufficient if the language of the statute is used and the statute fully sets forth without uncertainty or ambiguity all the assignments necessary to constitute the offense intended to be punished.

6. SAME—STATUTORY CRIME—CERTAINTY.

>  Courts will require that an information be more specific even if it contain an averment in the language of the statute penalizing an offense, when it is essential to apprise the defendant of the precise offense charged.

7. SAME—SUFFICIENCY OF VIDELICET.

>  *Videlicet* of information which failed to include material portions of exhibits sought to be introduced at examination on charge of distributing information concerning the making of wagers on a certain race was insufficient, since it failed to apprise accused of the crime with which they were charged with sufficient certainty (CL 1948, § 750.305).

Appeal from Recorder's Court for the City of Detroit; Gordon (Arthur E.), J. Submitted January 11, 1951. (Docket No. 76, Calendar No. 44,251.) Decided June 4, 1951.

Richard Lightstone, Philip Jones and Bill Roberts were charged with distributing information concerning making of wagers and bets on races. Information quashed. The people appeal. Appeal dismissed by stipulation as to Jones. Affirmed.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Gerald K. O'Brien,* Prosecuting Attorney, and *Garfield A. Nichols* and *Joseph A. Sullivan,* Assistant Prosecuting Attorneys, for the people.

*Harry Cohen,* for defendants.

Bushnell, J.   Upon leave granted, the people have appealed from an order of the recorder's court of the city of Detroit, quashing an information against defendants Richard Lightstone, Philip Jones and Bill Roberts.   Upon stipulation of the parties the appeal was dismissed as to defendant Jones, without prejudice to the appellant and remaining appellees.

The information is laid under section 305 of the penal code (CL 1948, § 750.305 [Stat Ann § 28.537]), which reads:

"Any person, or his agent or employee who shall, directly or indirectly, by means of any newspaper, periodical, poster, notice or other mode of publication or reproduction, write, print, publish, advertise, deliver or distribute or offer to deliver or distribute to the public or to any part thereof or to any person, any statement or information concerning the making or laying of wagers or bets or the selling of pools or evidences of betting odds on any race, contest or game or on the happening of any event not known by the parties to be certain, or any purported event of like character, shall be guilty of a misdemeanor punishable by imprisonment in the county jail not more than 1 year or by a fine of not more than 500 dollars.

"The acts herein prohibited may be deemed violations hereof when committed before any game, contest, race or event; and the possession of evidence for the publication of any statement or information concerning the making or laying of wages [wagers]

or bets or the selling of pools or betting odds, shall in the same manner be deemed a violation, when possessed for publication before the act evidenced thereby."

For construction of predecessor statute, PA 1925, No 176 (CL 1929, § 9124), see *Parkes* v. *Judge of Recorder's Court*, 236 Mich 460 (47 ALR 1128) and note in 40 Harvard Law Review, p 654.

The information charged that defendants did—"by means of a certain notice and publication, to-wit, one 'Racing Master,' deliver and distribute to one Bruce Grubb a statement and information concerning the making, and laying of wagers and bets on a certain race and contest."

Grubb, a police officer, visited one of Ruby's bookstores in the city of Detroit and purchased a "tip sheet" for which he was charged 35 cents. The record does not show that defendants were other than employees. Grubb testified that Lightstone admitted selling about 10 of these pamphlets every day, and that "tip sheets" were delivered to the store around 11 o'clock every morning.

There is reproduced in the record what purports to be a copy of "The Weekly Racing Master" and also a copy of a "Detroit Racing Master," containing a daily selection program, which is sold for $1. The information, as drawn by the prosecutor, however, refers only to "one Racing Master," and it is not clear which is intended. These pamphlets contain names of horses under headings such as "Horses to Watch," "Rail Birds Specials," "Long Shots," "Specials," and "Clockers Best." The $1 pamphlet contains Detroit Fair Grounds June 14, 1948 selections, with names of "1st Choice" and "2d Choice" horses, and one horse under the heading "Today's Best." A subtitle reads "Consensus Report Taken from Newspapers." On another page is a tabulation of consensus reports for each race under 3 headings, *i.e.*,

"Trackman," "Detroit Papers," "Chicago Papers." On one page is a statement that:

"These selections are based on past performances Weight Carried By Each Horse, track conditions, and skill of the rider and includes a consensus of leading newspapers."

On another is a statement reading: "This is not a prophesy or a prediction neither is it advice to bet."

At the examination defendants objected to the introduction of the pamphlets. They attempted to argue that the statute referred to in the criminal warrant, and above quoted, "no longer exists." The examining magistrate properly indicated that this question was one that should be raised before the trial judge on a motion to quash.

Upon arraignment on information defendants stood mute and a plea of not guilty was entered. A motion to quash was filed in which the following questions were raised: Insufficiency of testimony at the examination; absence of any statement in the publications concerning a bet or wager; repeal of section 305 of the penal code by the enactment of PA 1933, No 199 (CL 1948, § 431.1 et seq. [Stat Ann § 18.941 et seq.]); a change in public policy regarding betting on horse racing by the passage of Act No 199; the inconsistency, incompatibility and repugnancy of these statutes; and the ruling of the Supreme Court in Rohan v. Detroit Racing Association, 314 Mich 326 (166 ALR 1246), to the effect "that betting on horses is no longer considered gambling,* but that a horse race is a game of skill." Defendants urged the court to hold that "there is no gambling involved in the instant prosecution," and that the information "does not charge any offense known to law."

---

* The opinion in the Rohan Case does not so hold.

The appeal from the order quashing the information was submitted on briefs. Appellant's brief raises only one question, stated as follows:

"Did PA 1933, No 199 (CL 1948, § 431.1 [Stat Ann § 18.941]) (legalizing and regulating horse racing) repeal PA 1931, No 328, § 305 (CL 1948, § 750.305 [Stat Ann § 28.537]) (which penalizes the distribution of information concerning the making of bets on any race, et cetera) either in itself or as heretofore construed and applied by this Court?"

It is argued that the trial judge, "in effect," answered this question in the affirmative. A reading of his opinion does not indicate that he held that section 305 of the penal code had been repealed by implication. He apparently was unwilling to permit the police to single out small offenders and let the 3 newspapers of the city and tip sheet distributors and publishers remain immune from prosecution.

It is unnecessary to discuss the *Rohan Case,* except to say that there is no reference in that opinion to section 305 of the penal code.

The 1933 act, in section 20, deals with the penal code (PA 1931, No 328) in the following manner:

"Act No 328 of the Public Acts of 1931, and all other acts and parts of acts inconsistent with the provisions of this act, shall not apply to pari-mutuel or auction pool system of wagering in manner and form as provided for by this act at any horse-racing meeting held or conducted by any person or persons having a license for the holding or conducting of such horse racing meetings as provided by this act." CL 1948, § 431.20 (Stat Ann § 18.960).

It is unnecessary to cite authorities for the proposition that repeals by implication are not favored and will never be permitted if they can be avoided

by any reasonable construction. Unless the intent to repeal is clear, it must be held that section 305 of the penal code stands unrepealed by implication.

In the light of the regulatory control of betting prescribed by the racing act, it is apparent that the legislature intended to confine such activities to licensed premises under the supervision of the racing commissioner.

The statute which makes it a misdemeanor to disseminate information "concerning the making or laying of wagers or bets or the selling of pools or evidences of betting odds on any race," et cetera, is neither inconsistent with nor repealed by the racing act.

Upon the request of this Court the parties filed additional briefs on the question of the sufficiency of the warrant and information.

The motion to quash the information was timely made and, among other reasons, stated that the "information does not charge any offense known to law."

In *People* v. *Watson*, 196 Mich 36, the Court quoted with approval Joyce on Indictments, § 389.

"The rule that an indictment for a statutory misdemeanor is sufficient, if the language of the statute is used in charging the offense, is limited to cases where such words fully set forth all the assignments necessary to constitute the offense intended to be punished without uncertainty or ambiguity."

In *People* v. *Taylor*, 96 Mich 576 (21 LRA 287), quoted in *People* v. *Brown*, 299 Mich 1, the Court said:

"Wherever it is essential to apprise the respondent of the precise offense charged, and an averment in the language of the statute is not sufficient to do so, the courts will require that the information be more specific."

See, also, *People* v. *Maki,* 245 Mich 455, 473; *People* v. *Westerberg,* 274 Mich 647; and CL 1948, § 767.45 (Stat Ann § 28.985). The *videlicet* of the information is insufficient. The material portions of the exhibits introduced at the examination should have been included in the information. Without this those accused were not sufficiently apprised of the crime of which they were charged.

As said in the *Brown Case:*

"It will not do to say, as possibly might be said in the instant case, that the accused clearly knew what offense he was charged with having committed. He is entitled to be proceeded against under an information which with a fair degree of certainty specifies the particular charge made against him and which fixes the scope of the prosecution."

Notwithstanding the reasoning of the trial judge, he arrived at the correct result. Defendants were entitled to have the information in the instant case quashed and to be discharged. The order quashing the information is affirmed.

REID, C. J., and DETHMERS, BUTZEL, CARR, and SHARPE, JJ., concurred with BUSHNELL, J. BOYLES and NORTH, JJ., concurred in the result.