## PEOPLE v. MERCER.

1. CRIMINAL LAW — CONSTITUTIONAL LAW — ARRAIGNMENT — DUE
   PROCESS.
   > Due process requires that criminal defendants be properly ar-
   > raigned upon complaint and warrant and be fully advised of
   > the nature of the charge made against them.

2. SAME — DUE PROCESS — COMPLAINT — CONVICTION OF DIFFERENT
   CHARGE.
   > Conviction of defendants on charge wholly different in nature
   > from that set forth in complaint and warrant on which they
   > were arraigned *held*, clearly a violation of due process and
   > the applicable statutory provisions (CL 1948, § 774.5).

3. SAME—AMENDMENT OF COMPLAINT AND WARRANT—EVIDENCE—
   QUESTIONS REVIEWABLE.
   > Right to amend criminal complaint and warrant during trial,
   > to conform to proof is not considered on appeal, where no
   > amendment was properly moved or made before trial court.

4. SAME—QUESTIONS REVIEWABLE ON APPEAL.
   > Propriety and manner of changes to criminal complaint and
   > warrant, made during course of trial, are not considered on
   > appeal, where not necessary to decision reached by Court
   > of Appeals.

5. SAME—DISMISSAL.
   > Denial of motion to dismiss at close of people's proofs *held*,
   > reversible error, where defendants stood mute at arraignment,
   > were immediately tried, and absolutely no evidence was pre-
   > sented to show commission of crime charged in complaint and
   > warrant.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 21 Am Jur 2d, Criminal Law §§ 451, 455 *et seq.*
[3, 5, 6] 21 Am Jur 2d, Criminal Law § 220 *et seq.*
[4] 5 Am Jur 2d, Appeal and Error § 760 *et seq.*

6. SAME—CONVICTION.

Conviction of defendants for disorderly conduct by engaging in an illegal occupation, gambling, reversed, where they were arraigned and then immediately tried on complaint and warrant alleging disorderly conduct of completely different nature, no motion to amend complaint and warrant was properly made, absolutely no evidence was introduced relating to offenses charged at initial arraignment, and defendants properly moved for dismissal at close of people's proofs.

Appeal from Recorder's Court of Detroit; Schemanske (Frank G.), J. Submitted Division 1 January 6, 1967, at Lansing. (Docket Nos. 1,569, 1,570, 1,571.) Decided May 9, 1967.

Jessie Mae Mercer, Warzell Smith, John W. Dixon, and another were convicted of disorderly conduct by engaging in an illegal occupation, gambling. Jessie Mae Mercer, Warzell Smith, and John W. Dixon appealed. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Rheo C. Marchand,* for the people.

*Charles L. Smith,* for defendants.

LESINSKI, C. J. Three of four defendants, found guilty of disorderly conduct by engaging in an illegal occupation, gambling, appeal from their conviction in recorder's court, city of Detroit, on November 20, 1965, for violation of CL 1948, § 750.167, as amended by PA 1964, No 144 (Stat Ann 1965 Cum Supp § 28.364).

On November 20, 1965, at approximately 4:15 a.m., one Lamar Sneed, a Detroit police officer, gained entry to 1839 East Davison, Detroit, Michigan, where

defendants were found. Within 15 minutes thereafter Sergeants Gerlack and Crew of the Detroit police department entered the premises, after which the defendants were placed under arrest and certain money and property confiscated.

On the same date, upon complaint of Patrolman Sneed, a complaint and warrant for a disorderly person was issued against the appellants and others. The warrant was issued upon the recommendation of Assistant Prosecutor James Lacey, who recommended the warrant for "engaging in an illegal occupation, a blind pig." The complaint and warrant issued against Jessie Mae Mercer charged an illegal occupation, to wit: "selling alcoholic beverages without a license," which charge was stricken and inserted by typewriter thereafter was "doorman in a gambling house." A similar original charge was made in the complaint and warrant against Warzell Smith, which was stricken and had inserted by typewriter in its place "running a gambling game." The complaint and warrant against John Wood Dixon was treated in like manner; he was charged with "operating a gambling game." This was changed to being "a doorman in a gambling house." The record does not reveal when the changes in the complaint and warrant were made. The transcript of the trial, held on the same day and without jury, at which defendants were convicted, reveals that the charge the clerk read and to which charge defendants stood mute, was "selling alcoholic beverages without a license." However, at the conclusion of the people's case upon a motion by defendants to dismiss, it becomes apparent that the change in the charges noted above had by then been made upon the complaint and warrant. The court at this point indicated the prosecutor could move to amend the complaint and warrant. The prosecutor said "I'll move to amend it. The recommendation originally signed by ———".

The prosecutor was interrupted at this point by the court. The prosecutor never completed his statement or made the specific motion.

Further, it is noted that the entries upon the complaint indicate the appellants pled not guilty, whereas the transcript of the trial indicates they stood mute.

The record in this case clearly indicates that this matter was poorly handled by the people in the presentation of the cause to the court. The defendants were improperly tried and convicted, being arraigned on complaints and warrants alleging one offense, then immediately tried and convicted for an offense entirely different in nature, without being informed of the nature of the latter offense or receiving any opportunity to plead thereto. See CL 1948, § 774.5 (Stat Ann 1954 Rev § 28.1196); *People v. Lightstone* (1951), 330 Mich 672, and cases cited therein. See *People v. O'Keefe* (1922), 218 Mich 1.

We will not here discuss the law governing the right of the prosecutor to amend the complaint and warrant at this stage of the proceedings as no such amendment was properly moved or made.

Nor will we here discuss the propriety and the manner in which the changes were made in the complaint and warrant as it is not necessary to our decision herein.

Under these circumstances, since the defendants stood mute, the trial court should have granted the motion to dismiss the complaint and warrant as to Jessie Mae Mercer, Warzell Smith and John W. Dixon.

This Court was given no assistance by the brief filed in this cause on behalf of the appellants, as said brief cited no authorities, nor did it properly present the issues involved in this appeal.

The cumulation of errors in procedure in this cause moves this Court to set aside this conviction.

The prosecution failed to prove facts which would allow the defendants to be found guilty beyond a reasonable doubt on the charge upon which they were originally arraigned.

Reversed.

HOLBROOK and LEVIN, JJ., concurred.