PEOPLE v. JAMES J. ANDERSON.

1. CRIMINAL LAW—FUNDAMENTAL RIGHT—SPECIFICITY OF ACCUSATION.

The right to be apprised with specificity of the accusation charged is a fundamental element of due process, repeated in the State Constitution and statutes, and guarded with vigilance by appellate courts (Const 1963, art 1, § 20; CL 1948, § 767.45).

2. SAME—ACCUSATION—STATEMENT AND WARRANT—READING.

The charge made against the accused, as stated in the warrant of arrest, must be distinctly read to the accused at the time of his arraignment (CL 1948, § 774.5).

3. SAME—ACCUSATION—DESCRIPTION IN WARRANT.

Law enforcement officials may call an offense by any name they wish for their own purposes, but when the name as stated

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 27 Am Jur, Indictments and Informations § 54 et seq.
[2] 5 Am Jur 2d, Arrest § 8.
[3, 4] 27 Am Jur, Indictments and Informations §§ 65, 98 et seq.

to accused, is completely unlike the legal title of the offense charged as found in a statute, it is not a sufficient substitute in a court of law to apprise the defendant of the charge he is required to meet (CL 1948, § 774.5).

4. SAME—SAFETY INSPECTION STATUTE—COMMON NAME.

Apprising the accused upon arraignment that he is charged with violation of the gun registration statute, when the complaint and warrant charged possession of a pistol not presented for safety inspection, *held*, a violation of procedural due process through a failure to inform the defendant with specificity of the charges against him, even though the safety inspection statute requiring pistols to be presented for safety inspection is commonly known in law enforcement circles as the "gun registration statute" (CLS 1961, § 28.429; CL 1948, § 750.228).

Appeal from Recorder's Court of Detroit, Koscinski (Arthur J.), J. Submitted Division 1 April 6, 1967, at Detroit. (Docket No. 1,506.) Decided November 16, 1967.

James J. Anderson was convicted of possession of an unregistered gun. Defendant appeals. Reversed, and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Richard J. Coon,* for defendant.

LESINSKI, C. J. Defendant appeals from his conviction for violation of the statute which provides that failure to present a pistol for requisite safety inspection is a misdemeanor.[1]

---

[1] CL 1948, § 750.228 (Stat Ann 1962 Rev § 28.425). "Safety inspection—Any person who shall fail to comply with the provision of section 9 of Act No 372 of the Public Acts of 1927, being section 16758 of the Compiled Laws of 1929, pertaining to the safety inspection of pistols, shall be guilty of a misdemeanor." The citation

The defendant, arrested on July 20, 1965, for carrying a concealed weapon, was "booked" for armed robbery. However, the subsequent recommendation for the issuance of a warrant gives the nature of the offense as "possession of unregistered gun" and cites section 750.228, presumably of the Michigan compiled laws of 1948. The complaint and warrant issued on July 22, 1965, was entitled "Complaint—Unregistered Gun," and read in part:

"James J. Anderson, late of the city of Detroit, county and State aforesaid, and a resident thereof, did then and there fail to report for safety inspection a certain pistol owned and possessed by him, to-wit: Armi Galesi Automatic, 7 shot 6.35 MM Serial 341384 to the Commissioner of the Department of Police of the city of Detroit. Contrary to Sec. 750.228 of the Compiled Laws of the State of Michigan for the year 1948."

At the arraignment on the warrant on July 22, 1965, the offense charged was thus presented to the defendant:

"*The Court.* You're charged with possession of an unregistered gun on July 20th of this year, an armi

for the current statute referred to therein is PA 1964, No 216, CLS 1961, § 28.429 (Stat Ann 1965 Cum Supp § 28.97). It reads in part: "Any person within the State who owns or comes into possession of a pistol as defined in this act, shall, if he resides in an incorporated city or an incorporated village having an organized police department, present such weapon for safety inspection to the commissioner or chief of police of such city or village; if such person resides in a part of the county not included within the corporate limits of such city or village he shall present such pistol for safety inspection to the sheriff of such county. A certificate of inspection shall thereupon be issued in triplicate on a form provided by the commissioner of the Michigan State police, containing the name, age, address, description and signature of the person presenting such pistol for inspection, together with a full description thereof; the original of such certificate shall be delivered to the registrant; the duplicate thereof shall be mailed within 48 hours to the commissioner of the Michigan State police and filed and indexed by him and kept as a permanent official record, and the triplicate of such certificate shall be retained and filed in the office of said sheriff, or commissioner or chief of police."

galesi automatic.  How do you plead, guilty or not guilty?

"*Defense Counsel.*  Stands mute, Your Honor."

The following interchange is recorded as occurring at the beginning of the trial on July 30, 1965:

"*The Court.*  People vs. James Anderson.

"James Anderson, you are charged with possession of unregistered gun on,—Armi Galesi automatic, on the 20th day of July; how do you plead, guilty or not guilty?

"*Mr. Brown* [*Defense Counsel*].  Stands mute, Your Honor.

"*The Court.*  Ready for trial?

"*Mr. Brown.*  Ready for trial.  Waive trial by jury."

The people's case consisted of the testimony of the arresting officer, Steven Czerwinski, who related that, in the course of his duties, he and his partner on July 20, 1965, had occasion to visit a certain address in the city of Detroit.  Officer Czerwinski testified that as they were leaving the premises, he observed the defendant and a companion in the hallway thereof; that he saw the defendant drop a shiny object which the officer recognized as a pistol when the defendant picked it up; and that from a distance of some four feet, he then saw the defendant place the just-retrieved pistol behind a door frame.  The arrest followed.  The weapon in question was identified, offered and received in evidence without defense objection.  The witness had testified earlier to his finding, upon checking with the appropriate bureau, that the weapon in question was not registered.

One Louise Stephens testified for the defense to the effect that the pistol in question was her property, which she had purchased out-of-state, and which she had lent on this occasion to the defendant

for his protection. No other evidence was proffered to support her claim of ownership.

At the close of her testimony, the court found the defendant guilty. This colloquy followed:

*"Mr. Brown.* I raise the question, the issue, Your Honor, it's my understanding the purpose of that statute is for persons who own a gun, who fail to register it, rather than the—

*"The Court* [*Interposing*]. Well, I'm going to tell you something, Mr. Brown, and with all due respect to you.

*"Mr. Brown.* Yes.

*"The Court.* I don't believe the testimony of the witness."

The court also remarked upon the absence of any evidence of out-of-state registration.

Defendant alleges that his conviction for failure to present a pistol for safety inspection is violative of the due process clause of the Fourteenth Amendment.

Although somewhat ambiguously stated, it appears that defendant's contention poses a two-pronged due process attack upon his conviction. One is an allegation that the conviction must fall because the defendant was not apprised of the specific nature of the charges against him; the other is an allegation that the conviction cannot be sustained because it is without evidentiary support. A determination that either contention had validity would compel our reversal.

The right to be apprised with specificity of the accusation charged is indeed a fundamental element of due process; this right is repeated in the Michigan Constitution[2] and the statutes of our State,[3] and is guarded with vigilance by its appellate courts. See

[2] Const 1963, art 1, § 20.
[3] CL 1948, § 767.45 (Stat Ann 1954 Rev § 28.985).

*People* v. *Lightstone* (1951), 330 Mich 672, and the cases cited therein; and *People* v. *Mercer* (1967), 6 Mich App 644.

This right is further safeguarded by CL 1948, § 774.5 (Stat Ann 1954 Rev § 28.1196), which provides:

"The charge made against the accused, as stated in the warrant of arrest, shall be distinctly read to him at the time of his arraignment and he shall be required to plead thereto, which plea the court shall enter in its minutes; if the accused refuse to plead, the court shall enter the fact with a plea of not guilty in behalf of such accused in its minutes."

The charge to which the defendant was asked to plead at the arraignment (and later at trial) was *not* the charge stated in the warrant of arrest. Further, the record does not reveal that the charge was ever read to him as mandated by the above statute.

The people argue that the safety inspection statute has been commonly known in law enforcement circles as the gun registration statute. Law enforcement officials may denominate a statute according to their own preferences for their own purposes *inter se,* without fear of judicial sanction. But where this police-invented terminology is dissimilar *in toto* to the legal title of the offense charged, it is not a sufficient substitute in a court of law to apprise the defendant of the charge he is required to meet.

Failure to comply with the statutory requirement that the charge as stated in the warrant be read to the accused, under the particular circumstances presented by the instant case, compels a determination that there was a violation of procedural due process through a failure to inform the defendant with specificity of the charges against him.

Reversed and remanded for a new trial.

Fitzgerald and J. H. Gillis, JJ., concurred.