PEOPLE v KEATTS

OPINION OF THE COURT

1. CRIMINAL LAW—LESSER INCLUDED OFFENSES—ELEMENTS OF CRIMES.

The general rule for determination whether an offense is a lesser included offense is that if the greater offense includes all of the elements of the lesser, then the greater includes the lesser, but if the lesser offense requires an element not required in the greater offense, the lesser is not necessarily included in the greater.

2. LARCENY—ATTEMPTED LARCENY—FELONIOUS INTENT—BREAKING AND ENTERING—LESSER INCLUDED OFFENSES—ELEMENTS OF CRIME.

Attempted larceny in a building is not a lesser included offense of breaking and entering with intent to commit larceny because the essential elements of attempted larceny in a building, proof that a larceny was attempted and a showing of overt acts going beyond mere preparation, are not elements included in breaking and entering with intent to commit larceny.

3. LARCENY—ATTEMPTED LARCENY—INTENT.

Showing of an actual larceny or the attempt to commit a larceny is not necessary to support a finding of the intent to commit larceny.

4. LARCENY—ATTEMPTED LARCENY—FELONIOUS INTENT—BREAKING AND ENTERING—LESSER INCLUDED OFFENSES—IMPLIED ACQUITTAL.

A defendant who was charged with breaking and entering a building with intent to commit larceny, and was erroneously convicted of attempted larceny in a building, because this was not a lesser included offense under the charge, cannot be

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 185–187, 189, 212.
Conviction of lesser offense as bar to prosecution for greater on new trial. 61 ALR2d 1141.
[2, 4, 5] 50 Am Jur 2d, Larceny §§ 35–43, 116.
[3] 50 Am Jur 2d, Larceny § 56.

retried for the original charge of breaking and entering a building with intent to commit larceny because his conviction serves as an acquittal of the charge of breaking and entering.

DISSENT BY BASHARA, P. J.

5. LARCENY—ATTEMPTED LARCENY—FELONIOUS INTENT—BREAKING AND ENTERING—LESSER INCLUDED OFFENSES—OVERT ACTS.

*Attempted larceny in a building is a lesser included offense of breaking and entering with intent to commit a larceny because in both crimes the felonious intent is the same, and the overt act can be the breaking and entering; the greater offense is completed upon the breaking and entering, while the lesser upon an overt act going beyond mere preparation.*

Appeal from Recorder's Court of Detroit, George W. Crockett, J. Submitted Division 1 May 10, 1974, at Detroit. (Docket No. 16631.) Decided August 12, 1974. Leave to appeal applied for.

Raymond Keatts, also known as Melvin Bell, was convicted of attempted larceny in a building. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: BASHARA, P. J., and McGREGOR and VAN VALKENBURG,* JJ.

McGREGOR, J. Defendant appeals his non-jury conviction of attempted larceny in a building, MCLA 750.360; MSA 28.592, MCLA 750.92; MSA

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

28.287, and his subsequent sentence of two years probation.

Initially, defendant was charged in a one-count information of breaking and entering a building with intent to commit larceny, contrary to MCLA 750.110; MSA 28.305.

The single issue raised by defendant on appeal is whether his conviction must be set aside for the reason that the crime of which he was convicted is not a lesser included offense of the crime of which he was charged. Only if the crime of which the defendant was convicted is a lesser included offense of the crime of which he was charged can the conviction be upheld. The question thus presented is whether attempted larceny in a building is a lesser included offense of the crime of breaking and entering a building with intent to commit larceny.

The elements for the charge of breaking and entering a building with intent to commit larceny are: (1) breaking and entering, (2) with felonious intent, (3) of an occupied dwelling. See *People v D'Argis,* 44 Mich App 186; 205 NW2d 19 (1972).

Elements of the crime of attempted larceny in a building are: (1) felonious intent to commit a larceny, *People v Hillhouse,* 80 Mich 580; 45 NW 484 (1890), (2) an overt act going beyond mere preparation towards the commission of the crime, *People v Youngs,* 122 Mich 292; 81 NW 114 (1899); *People v Coleman,* 350 Mich 268, 276; 86 NW2d 281 (1957), and (3) that it occurred in a building. See also *People v Bowen,* 10 Mich App 1, 7; 158 NW2d 794 (1968); *People v Sheppard,* 33 Mich App 363; 189 NW2d 794 (1971).

This Court has defined a lesser included offense:

"Indeed, the area of what constitutes a lesser in-

cluded offense has frequently caused confusion in criminal prosecutions.

"The general rule is succinctly set forth in 4 Wharton's Criminal Law & Procedure, § 1888, pp 753, 754, wherein it is stated, 'if the greater of two offenses includes all the legal and factual elements of the lesser, the greater includes the lesser; but if the lesser offense requires the inclusion of some necessary element not so included in the greater offense, the lesser is not necessarily included in the greater.'" *People v Simpson,* 5 Mich App 479, 485–486, 146 NW2d 828 (1966).

The only step which remains is to compare the elements of the two charges to determine their compliance with the requirements of *Simpson, supra.* Such a comparison was made in *People v Huffman,* 315 Mich 134, 139–140; 23 NW2d 236 (1946):

"In the present case it is clear that the offense of breaking and entering a store building in the nighttime with intent to commit larceny * * * is a separate and distinct offense from that of larceny from a store building, * * * . As said in *People v Stuart* [274 Mich 246; 264 NW 359 (1936)], 'The essential elements of these two statutory offenses are different.' Furthermore, the evidence required to establish the offense charged in the first * * * is substantially different from that required to establish the offense charged in the second."

See also *In re Doelle,* 323 Mich 241, 245; 35 NW2d 251 (1948).

It thus appears that, since an essential element of larceny in a building is proof that a larceny has been committed and that an overt act going beyond mere preparation has occurred, larceny in a building is not a lesser included offense. Such elements are not included under breaking and entering with intent to commit larceny. *A fortiori,* an essential element of attempted larceny in a

building is proof that a larceny was attempted showing overt acts going beyond mere preparation. Such elements are not included in breaking and entering with intent to commit larceny. The only difference between larceny and attempted larceny seems to be the fact that the defendant was caught in the act, under attempted larceny.

Larcenous intent, necessary to be shown to convict one of breaking and entering with intent to commit larceny, does not have to show an actual larceny or the attempt to commit a larceny. Thus, in *People v Lambo,* 8 Mich App 320, 324; 154 NW2d 583 (1967), this Court said:

"The unexplained presence of the defendant in a grocery store at 3:45 a.m. would be sufficient alone to permit the jury to find the intent to commit larceny."

This Court agrees with the defendant, that attempted larceny in a building is not a lesser included offense of breaking and entering with intent to commit larceny. As such, the defendant was denied due process, as he was convicted of a crime for which he was not charged. See *People v Mercer,* 6 Mich App 644; 150 NW2d 183 (1967); *People v Anderson,* 8 Mich App 110; 153 NW2d 885 (1967).

Furthermore, as the defendant was charged with breaking and entering with intent to commit larceny, and was convicted of larceny in a building, which serves to acquit him of the charge of breaking and entering, he cannot be retried on the latter offense. *Green v United States,* 355 US 184; 78 S Ct 221; 2 L Ed 2d 199 (1957); *People v Hilliker,* 29 Mich App 543; 185 NW2d 831 (1971); *People v McPherson,* 21 Mich App 385; 175 NW2d 828 (1970).

Conviction reversed.

VAN VALKENBURG, J., concurred.

BASHARA, P. J. *(dissenting)*. Adopting the majority test of what a lesser included offense consists of, I find that *attempted* larceny in a building is a lesser included offense of breaking and entering with intent to commit a larceny.

The elements of breaking and entering with intent to commit larceny as set forth in the majority opinion are: (1) breaking and entering; (2) with felonious intent to commit larceny; (3) in a building.

The elements of attempted larceny in a building are: (1) felonious intent to commit a larceny; and (2) an overt act of going beyond mere preparation.

Analyzing the elements, the felonious intent is the same, and the overt act can be the breaking and entering. The greater offense is completed upon the breaking and entering, while the lesser upon an overt act.

The cases cited by the majority opinion are distinguishable since they speak of completed larcenies from a building as not being a lesser included crime. The instant case involves an attempted larceny from a building, not a completed one.

For the above reasons, I respectfully dissent, and would affirm the trial court's conviction.