PEOPLE v BURROWS

OPINION OF THE COURT

1. CRIMINAL LAW—BREAKING AND ENTERING—LARCENY—AUTOMO-
BILES—FELONIOUS CONDUCT—INTENT TO STEAL—DAMAGE TO MO-
TOR VEHICLE.

The criminal statute covering the breaking and entering of a
motor vehicle makes the breaking and entering of a motor
vehicle a felony if (1) it is done with the intent to steal property
of more than $5 in value, or (2) the person in the course of
removing the goods or property damages any part of the motor
vehicle.

DISSENT BY D. T. ANDERSON, J.

2. CRIMINAL LAW—BREAKING AND ENTERING—AUTOMOBILES—DAM-
AGE TO MOTOR VEHICLE.

*There is no violation of that portion of a statute concerning
breaking and entering of a motor vehicle which requires that
there be some damage to the vehicle where the damage occurs
after the breaking or entering is accomplished, because that
portion of the statute requires that the element of damage
must occur during the breaking or entering into the motor
vehicle (MCLA 750.356a; MSA 28.588[1]).*

3. CRIMINAL LAW—BREAKING AND ENTERING—AUTOMOBILES—ELE-
MENTS OF CRIME—STATUTES.

*The elements of the crime of breaking and entering a motor
vehicle for the purpose of stealing therefrom any goods regard-
less of the value thereof are (1) a breaking or entering in a
motor vehicle, (2) a breaking, tearing, cutting or otherwise
damaging of the motor vehicle in so breaking or entering, and
(3) the specific intent, at the time of breaking or entering, of
stealing or unlawfully removing from the motor vehicle any*

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 13 Am Jur 2d, Burglary § 7.
   Burglary or breaking and entering of motor vehicle. 79 ALR2d 286.
[4] 13 Am Jur 2d, Burglary § 8 *et seq.*

*goods, chattels or property regardless of the value thereof
(MCLA 750.356a; MSA 28.588[1]).*

4. CRIMINAL LAW—BREAKING AND ENTERING—ENTRY—ENCLOSED
   AREAS.

   *The least entry with the whole or any part of the body, hand or
   foot into an enclosed area constitutes an entering for purposes
   of a breaking and entering crime.*

Appeal from Lapeer, Martin E. Clements, J.
Submitted July 6, 1976, at Lansing. (Docket No.
26362.) Decided December 10, 1976.

Clarence Burrows, Jr., was convicted of breaking
and entering a motor vehicle. Defendant appeals.
Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Edward B. Meth,*
Prosecuting Attorney, and *Earl H. Morgan, Jr.,*
Assistant Prosecuting Attorney, for the people.

*Morrice & Lengemann,* for defendant.

Before: BASHARA, P. J., and M. F. CAVANAGH and
D. T. ANDERSON,* JJ.

M. F. CAVANAGH, J. We adopt the facts from
Judge ANDERSON's dissent. However, we cannot
agree with his conclusions as to the law. By 1939
PA 254 and 1947 PA 124, the Legislature succes-
sively broadened the scope of the statute's cover-
age (MCLA 750.356a; MSA 28.588[1]). It was the
intent of the Legislature to punish the breaking
and entering of a motor vehicle with the purpose
to steal. The Legislature determined that such
conduct would be felonious if (1) the intent is to
steal property of more than $5 in value (first
clause), or (2) the person in the course of removing

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the goods or property damages any part of the motor vehicle (second clause).

The Legislature intended that the presence of either of these elements bring the conduct within the purview of this statute. The dissenting opinion would essentially redraft the statute to forbid only breaking into the vehicle with intent to steal. To do so gives greater weight to the Legislature's grammatical imprecision than to its intent. We would attach the greater significance to the legislative intent. See *Posselius v First National Bank-Detroit,* 264 Mich 687, 689; 251 NW 429, 430 (1933).

Affirmed.

BASHARA, P. J., concurred.

D. T. ANDERSON, J. *(dissenting).* I respectfully dissent.

Defendant was tried before a jury for violation of MCLA 750.356a; MSA 28.588(1). He was found guilty under the statute's second paragraph, which pertains to breaking or entering a motor vehicle, and sentenced to a term of three years, four months to five years in prison.

Complainant testified that, upon approaching her car, she saw the hood raised and defendant standing in front of the car holding wire cutters. The battery cables had been severed and the battery removed. There was no testimony on the value of the battery.

The second part of the second paragraph of MCLA 750.356a; MSA 28.588(1), the portion of the statute under which the defendant was convicted, reads:

"Any person * * * who shall break or enter into any motor vehicle, house trailer, trailer or semi-trailer, for

the purpose of stealing or unlawfully removing there-from any goods, chattels or property regardless of the value thereof if in so doing such person breaks, tears, cuts or otherwise damages any part of such motor vehicle, house trailer, trailer or semi-trailer, shall be guilty of a felony, punishable by a fine not to exceed $1,000.00, or by imprisonment in the state prison not more than 5 years."

Defendant did not break, tear, cut or otherwise damage the motor vehicle when he raised the hood and entered the engine compartment with his hands. The only damage was to the battery cables at the time they were severed, this occurring after the breaking and entering. The issue, therefore, is whether, under a prosecution for violation of that portion of the breaking or entering statute quoted above, the element of damage to any part of the motor vehicle must occur during the breaking or entering into the automobile, or whether that element may occur after the breaking or entering with the requisite intent has been completed.

The second paragraph of MCLA 750.356a; MSA 28.588(1), quoted above, is a breaking or entering statute. The crime described is a breaking or entering. The only acts mentioned are (1) "break or enter" and (2) "in so doing * * * damages any part of such motor vehicle". The second paragraph of MCLA 750.356a; MSA 28.588(1) also describes a specific mental intent as an element of the crime and which must coincide in time with the breaking or entering. This specific mental intent is: "for the purpose of stealing or unlawfully removing therefrom [the motor vehicle] any goods, chattels or property regardless of the value thereof." It is important to note that this last sentence describes a mental state and does not describe the action of

stealing or unlawfully removing property. Nowhere in the second paragraph of MCLA 750.356a; MSA 28.588(1) is the action of stealing goods from a motor vehicle mentioned. The "if in so doing" damages phrase, therefore refers to the remaining description of the crime, namely, "break or enter into any motor vehicle * * * for the purpose [specific intent described]." MCLA 750.356a; MSA 28.588(1).

The fact that a stealing of goods from the motor vehicle occurs after the breaking or entering is accomplished adds nothing to a description of the elements of the crime. A stealing of goods is irrelevant to a discussion of the crime except when such a stealing may be useful as circumstantial evidence of the specific mental intent of the accused at the time of the breaking or entering.

An examination of the analogous common law crime of burglary, that is the breaking and entering, in the nighttime, of the dwelling house or mansion of another with intent to commit a felony therein will illustrate the irrelevance to the elements of the crime of the consummation of the requisite specific intent. The crime of burglary involves, like the crime charged here, a breaking, entering and a specific intent. "(C)onsummation or execution of the intent to steal or to commit some felony is not necessary to complete the crime of burglary. The offense is committed when the house or building is entered with the required intent; what the accused does after entering is merely evidence of his intent at the time of entering." 13 Am Jur 2d, Burglary, § 25 (1964). *People v Keatts,* 54 Mich App 618, 622; 221 NW2d 455 (1974), explains the same concept: "[l]arcenous intent, necessary to be shown to convict one of breaking and entering with intent to commit larceny, does

not have to show an actual larceny or the attempt to commit a larceny."

Because there is no mention of the act of stealing in the paragraph of the statute under which the appellant was convicted, the "if in so doing * * * damages" phrase cannot refer to any act of stealing but must refer to the act of breaking or entering with the specific intent described in the statute. This resolves the central issue of this appeal. The element of damage must occur during the breaking or entering into the motor vehicle. If the only damage occurs after the breaking or entering is accomplished, the requisite damage element does not exist and the crime has not been committed.

We then decide that the elements of the crime are (1) a breaking or entering into a motor vehicle, (2) a breaking, tearing, cutting or otherwise damaging of the motor vehicle in so breaking or entering, and (3) the specific intent at the time of breaking or entering of stealing or unlawfully removing from the motor vehicle any goods, chattels or property regardless of the value thereof.

In the court below testimony indicated that appellant, in removing the battery from the engine compartment, severed the battery cables and in that manner damaged the motor vehicle.

In determining whether this severing occurred during the breaking or entering as required by the statute, we should examine the definitions of the terms breaking and entering. *People v White,* 153 Mich 617, 621; 117 NW 161 (1908), defines "a breaking" as "any force at all * * * to effect an entrance". The least entry with the whole or any part of the body, hand or foot into the interior of an enclosed area constitutes an entering. *State v Chappell,* 185 SC 111; 193 SE 924 (1937).

Dissent by D. T. ANDERSON, J.

In this appeal, a breaking occurred when the appellant applied force to raise the hood of the engine compartment. An entering occurred when the appellant introduced his hands into the engine compartment. Appellant was not entering the engine compartment by severing the battery cables. The severing of the battery cables occurred after the entry into the engine compartment was accomplished and not in furtherance of nor to effectuate the entry into the engine compartment.

In conclusion, appellant did not break, tear, cut or otherwise damage the motor vehicle when he opened the car hood and entered the engine compartment with his hands. The elements of the crime have not been established and, consequently, the conviction should be reversed.

I would reverse and remand for a new trial.