### Henry J. Koster v. The People.

Where a statute enumerates several elements as combining to create a crime, the crime cannot properly be described without including all these elements.

Under the statute which punishes "every person who shall break and enter, in the night time, any office, shop, railroad depot or warehouse, not adjoining to or occupied with a dwelling house," with intent to commit a felony, an information which fails to describe the building entered as "not adjoining to or occupied with a dwelling house," is fatally defective.

*Submitted on brief July 5th. Decided July 9th.*

Error to Ionia Circuit.

Plaintiff in error was convicted on an information which

charged that he, "on the 13th day of April, in the year of our Lord one thousand eight hundred and fifty - nine, about the hour of ten o'clock in the night time of the same day, with force and arms, at the township aforesaid, in the county aforesaid, the storehouse of one John Vaughn, there situate, feloniously and burglariously did break and enter, with intent the goods and chattels of the said John Vaughn, in the said storehouse then and there being found, then and there feloniously and burglariously to steal, take, and carry away; and a large quantity of pork, of the value of six dollars, of the goods and chattels of the said John Vaughn, in the said storehouse then and there feloniously and burglariously did steal, take and carry away, against the form of the statute," &c.

*Bell & Soule*, for plaintiff in error.

There was no appearance for the People.

CAMPBELL J.:

The statute under which this prosecution is had punishes " every person who shall break and enter, in the night time, any office, shop, railroad depot or warehouse, not adjoining to or occupied with a dwelling house," with intent to commit felony.

It is a plain principle of law, that where the statutes emmerate several elements as combining to create a crime, the crime can not properly be described without including all these elements. An entry into a shop or warehouse in the night, with intent to commit a felony, is not a crime under this statute unless it also appears that the shop or warehouse is neither adjoining to nor occupied with a dwelling. Burglary at common law must be committed in such a place as is within the definition of a dwelling, which term has received an enlarged signification. Entering other buildings was not regarded in the same light. In making a new crime, the Legislature have

seen fit to select a peculiar class of buildings; and it can not be enlarged or varied.

The information is defective in not setting forth any offense known to our laws; and the judgment was therefore erroneous, and must be reversed.

MANNING & CHRISTIANCY JJ. concurred.

MARTIN CH. J. was absent.