PEOPLE v. HUFFMAN.

1. CRIMINAL LAW—INFORMATION CHARGING MORE THAN ONE OFFENSE—GENERAL VERDICT.

The verdict must point out the offense of which a defendant is found guilty where an information contains more than one count charging different offenses, a general verdict of guilty being void and requiring a new trial under such circumstances.

2. SAME—BURGLARY—LARCENY—STATUTES.

The offense of breaking and entering a store building in the nighttime with intent to commit a larceny is a separate and distinct offense from that of larceny from a store building as the essential elements of the two statutory offenses are different (Act No. 328, §§ 110, 360, Pub. Acts 1931).

3. SAME—DIFFERENT OFFENSES—GENERAL VERDICT—PENALTIES.

General verdict of "guilty as charged" was void where it convicted defendant of breaking and entering a store building in the nighttime with intent to commit larceny and offense of larceny from a store building, notwithstanding the two offenses were charged in separate counts of the information, the two offenses related to, and arose out of, the same transaction,

no motion was made to compel the prosecution to elect between counts, the evidence submitted was sufficient to convict under either or both counts, as the offenses were separate, distinct, and different in character, required substantially different evidence to establish them, and were punishable by different statutory penalties and defendant is entitled to know of which offense he is found guilty (Act No. 328, §§ 110, 360, 503, Pub. Acts 1931).

4. SAME—VOID GENERAL VERDICT—NEW TRIAL.
   Where jury's verdict was void for failure to specify of which of the separate and distinct offenses charged in the information defendant was found guilty, he was not entitled to a discharge but a new trial was necessitated (Act No. 328, §§ 110, 360, Pub. Acts 1931).

Appeal from Recorder's Court for City of Detroit; Groat (Gerald W.), J. Submitted April 11, 1946. (Docket No. 87, Calendar No. 43,216.) Decided June 3, 1946.

Arthur Julius Huffman was convicted of breaking and entering a store in nighttime with intent to commit larceny and larceny from store building. Reversed and new trial granted.

*Richard Nahabedian* and *Harold Helper,* for appellant.

*John R. Dethmers,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Gerald K. O'Brien,* Prosecuting Attorney, and *Andrew DeMaggio,* Assistant Prosecuting Attorney, for the people.

STARR, J. On jury trial defendant was convicted under an information containing two counts, the first of which charged him with feloniously breaking and entering a store building in the nighttime with intent to commit larceny in violation of section 110 of the

penal code,* and the second count of which charged him with larceny from the store building in violation of section 360 of the penal code.† The jury returned a general verdict of "guilty as charged" but did not specify under which count or of which offense he was convicted. The trial judge sentenced him to prison for a minimum of 5 and a maximum of 15 years but did not specify on which count or for which offense the sentence was imposed. Having obtained leave, he appealed. Subsequent to filing his claim of appeal, defendant moved for leave to file a delayed motion for a new trial on the ground that the general verdict of "guilty as charged" was invalid and that his sentence under this verdict was void. This motion was denied by the trial court.

No question is raised as to the weight of the evidence, and it was stipulated that the testimony be omitted from the record. It was also stipulated that the evidence submitted to the jury was sufficient to justify defendant's conviction under either or both of the counts; that the two offenses charged related to, and arose out of, the same transaction; and that no motion was made to compel the prosecution to elect between counts. No question is raised regarding misjoinder or duplicity of counts.

The principal question presented is whether or not the trial judge erred in receiving a general verdict of "guilty as charged." The statutory penalty for the offense charged in the first count is imprisonment for not more than 15 years (penal code, § 110), and the penalty for the offense charged in the second count is imprisonment for not more than four years or a fine of not more than $2,000 or both (penal code,

---

* Act No. 328, § 110, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–110, Stat. Ann. § 28.305).

† Act No. 328, § 360, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–360, Stat. Ann. § 28.592).

§ 503).* It should be noted that the minimum sentence of five years imposed by the trial court exceeded the maximum sentence of four years provided by statute for the offense charged in the second count.

Defendant contends that each count of the information charged a separate and distinct felony; that the penalty for each offense was different; and that the trial court erred in accepting a general verdict of "guilty as charged." In 1 Gillespie's Michigan Criminal Law & Procedure, p. 676, § 568, it is stated:

"Where an information contains more than one count charging different offenses, the verdict must point out the offense of which the defendant is found guilty, and a general verdict of guilty is void and requires a new trial."

In the case of *People* v. *Stuart,* 274 Mich. 246, the information charged defendant in separate counts with having committed the statutory offenses of embezzlement and larceny. Upon trial without a jury the circuit judge entered a verdict of "guilty as charged." On appeal defendant contended that he was charged with two separate and distinct offenses and that the record did not disclose of which offense he was convicted. The offense of embezzlement was punishable by a maximum sentence of 10 years, while the offense of larceny was punishable by a maximum of five years. In vacating the judgment and sentence and granting a new trial, we said (p. 248):

"The essential elements of these two statutory offenses are different. It is a matter of right that defendant should have knowledge and have a proper record made of the exact offense of which he was convicted. * * * The general determination of the

---

* Act No. 328, § 503, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–503, Stat. Ann. § 28.771).

trial court that defendant was 'guilty as charged' was no more than a general verdict.

" 'A general verdict of guilty, without specifying the count or offense on which it is founded, is invalid where there are several counts, each of which charges a separate and distinct offense, of a nature and character radically different from that in the other counts, and having no necessary connection.' 16 C. J. p. 1105. See, also, numerous cases cited in notes."

In *People* v. *Allen,* 252 Mich. 553, we quoted with approval from *In re Henry Franklin,* 77 Mich. 615, as follows:

"Our practice has allowed indictments to contain various counts, charging the same transaction in different ways, so as to meet the testimony as it is given on the trial. And some liberality has been used in applying a general verdict when all of the counts can be harmonized. *But we find no authority for sustaining a sentence under a general verdict upon inconsistent charges, and covering them all.*"

In *People* v. *Ormsby,* 310 Mich. 291, the first 15 counts of the information charged defendants with conspiracies to violate the gambling laws of the State, and the sixteenth count charged them with a conspiracy to obstruct justice. The jury returned a verdict of "guilty as charged." In reversing the judgment of conviction and granting a new trial, we said (pp. 299–301, 303, 304):

"It is, therefore, necessary to determine whether or not the conspiracy to obstruct justice, as charged in the sixteenth count, was a separate and distinct offense from the conspiracies to violate the gambling laws, charged in the first 15 counts. Such question is answered by determining whether or not the essential elements of these common-law felonies are the same and whether or not substantially the same proof would convict of both offenses. * * *

"The evidence required to establish a conspiracy to obstruct justice is substantially different from that required to establish a conspiracy to violate the gambling laws. The essential elements of these two common-law offenses are entirely different. Therefore, in the present case a conspiracy to obstruct justice was a separate, distinct and different offense from that of a conspiracy to violate the gambling laws. * * *

"The information in the present case charged separate and distinct offenses. The jury returned a verdict of 'guilty as charged.' We conclude that this verdict was void because it convicted defendants of separate and distinct felonies."

In *People* v. *Powers,* 272 Mich. 303, 305, we said:

"Larceny and receiving stolen property are separate and distinct offenses. The justice should not have accepted the general verdict of guilty rendered by the jury. The sentence imposed thereon was void and unenforceable."

In the case of *State* v. *McHenry* (Mo.), 207 S. W. 808, the court stated:

"Where a defendant is charged in the indictment with two or more different and distinct offenses, a general verdict, without designating of which offense he is found guilty, cannot stand."

See, also, *People* v. *Strickland,* 306 Mich. 58; *People* v. *Aikin,* 66 Mich. 460 (11 Am. St. Rep. 512).

In the present case it is clear that the offense of breaking and entering a store building in the nighttime with intent to commit larceny, as charged in the first count of the information, is a separate and distinct offense from that of larceny from a store building, as charged in the second count. As said in *People* v. *Stuart, supra,* "The essential elements of these two statutory offenses are different." Furthermore,

the evidence required to establish the offense charged in the first count is substantially different from that required to establish the offense charged in the second count. The two counts were not framed and used as different methods of charging the same offense but were framed for the purpose of charging separate, distinct, and inconsistent offenses, and it should be borne in mind that the statutory penalties for these offenses are substantially different.

Although it was stipulated that the evidence justified defendant's conviction under either or both of the counts in the information, we, nevertheless, hold, to our established rule that it was error to receive a general verdict of guilty when the two offenses charged were separate, distinct, and different in character, required substantially different evidence to establish them, and were punishable by different statutory penalties.

The jury's general verdict did not indicate under which count defendant was convicted or of what offense he was found guilty. The trial court imposed only one sentence and did not indicate for which offense it was imposed. If the sentence imposed related to the offense of larceny charged in the second count, it was void because it exceeded the maximum statutory penalty for that offense. Defendant was entitled to know of what offense he was found guilty and for what offense he was sentenced. *People* v. *Stuart, supra.* The jury's general verdict of "guilty as charged" and the court's sentence did not furnish him with this information. The present case is readily distinguishable from *People* v. *Lowenstein,* 309 Mich. 94, in which we said (p. 99):

"The two counts did not charge inconsistent offenses. Both arose out of the same transaction, both were provable by the same testimony, only one time, place and subject being involved."

Other authorities relied upon by the prosecution relate principally to the joinder of counts in an information and are not determinative of the present question relating to the legality of the jury's general verdict.

We conclude that the jury verdict in the present case was void. This does not entitle defendant to a discharge, but necessitates a new trial. *People* v. *Little,* 305 Mich. 482; 1 Gillespie's Michigan Criminal Law & Procedure, p. 676, § 568.

The judgment of conviction is reversed, the sentence is vacated and a new trial granted.

BUTZEL, C. J., and CARR, SHARPE, BOYLES, REID, and NORTH, JJ., concurred. BUSHNELL, J., took no part in the decision of this case.