PEOPLE v ROBERT BROWN

1. LARCENY—ATTEMPTED LARCENY—BREAKING AND ENTERING—IN-
   CLUDED OFFENSES.
   Larceny in a building and attempted larceny in a building are
   not offenses included in a charge of breaking and entering a
   store building with intent to commit larceny; breaking and
   entering a store building with intent to commit larceny can be
   established without proof of a larceny or an attempted larceny.

2. CRIMINAL LAW—JURY—VERDICT—STATUTORY LANGUAGE.
   Failure of a jury, when returning its verdict, to repeat all of the
   statutory language defining the charged offense does not consti-
   tute reversible error.

3. CRIMINAL LAW—VERDICT—FORMS OF VERDICT—APPEAL AND ERROR.
   A defendant who wishes to question the form of a verdict should
   do so at trial and not for the first time on appeal.

Appeal from Genesee, Harry B. McAra, J. Sub-
mitted December 8, 1976, at Grand Rapids.
(Docket No. 25320.) Decided December 10, 1976.

Robert Brown was convicted of breaking and
entering a store building with intent to commit
larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert F. Leonard,*
Prosecuting Attorney, and *Donald A. Kuebler,*
Chief, Appellate Division, for the people.

*Gene R. Myers,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 21 Am Jur 2d, Criminal Law §§ 9, 110–112.
[2, 3] 76 Am Jur 2d, Trial §§ 1208, 1212, 1214, 1215.

Before: R. B. BURNS, P. J., and QUINN and BEAS-LEY, JJ.

QUINN, J. Defendant was charged with breaking and entering a store building with intent to commit larceny, MCLA 750.110; MSA 28.305, and was tried before a jury for that offense. Convicted as charged and sentenced, he appeals.

Defendant requested instructions on the claimed included offenses of larceny in a building and attempted larceny in a building. The trial judge declined to give the latter instruction, although he did instruct on larceny in a building. Defendant asserts reversible error because the trial court refused to instruct on attempted larceny in a building.

We find no error. Neither larceny in a building nor attempted larceny in a building is an offense included in a charge of breaking and entering a store building with intent to commit larceny, *People v Keatts,* 54 Mich App 618; 221 NW2d 455 (1974).[1] They are offenses separate and distinct from breaking and entering, *People v Huffman,* 315 Mich 134; 23 NW2d 236 (1946).

Breaking and entering a store building with intent to commit larceny can be established without proof of a larceny or attempted larceny, *People v Lambo,* 8 Mich App 320; 154 NW2d 583 (1967). So neither of the latter offenses is a "necessarily" included offense, see *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975). Nor is either a "cognate" lesser included offense, as that terminology is used in *Jones, supra.* Larceny and attempted larceny are not in the same category of crime as

[1] The Supreme Court order of reversal found at 396 Mich 803 (1976) in no way rebuts the majority opinion of the Court of Appeals in this case and we read that order as merely reversing the result of the case in the Court of Appeals.

breaking and entering. The gist of the latter crime is the breaking and entering while the gist of larceny or attempted larceny is a taking with intent to deprive.

The jury verdict was guilty "on the breaking and entry". Because the verdict as stated failed to repeat the rest of the statutory language defining the offense, defendant claims reversible error. This does not constitute reversible error, *People v Don Francisco Lopez,* 65 Mich App 653; 237 NW2d 599 (1975). Additionally, if defendant intended to question the form of the verdict, that should have been done at trial and not for the first time on appeal.

The record establishes that the trial judge exercised discretion in his ruling which permitted the cross-examination of defendant on his prior convictions. The claim of reversible error in this regard is not established, *People v Kelly,* 66 Mich App 634; 239 NW2d 691 (1976).

Finally, defendant's claim that he was denied a substantial defense and a fair trial because his attorney failed to subpoena a witness fails for record support. The witness was not called for strategic reasons.

Affirmed.