PEOPLE v BRAGER

Docket No. 29113. Submitted February 16, 1978, at Detroit.—Decided
  November 28, 1978.

  Charles Brager was convicted of breaking and entering an occu-
  pied dwelling with the intent to commit a larceny therein,
  Recorder's Court of Detroit, Joseph E. Maher, J. The defendant
  appeals, alleging that the trial court erred in refusing to
  instruct the jury on the charge of breaking and entering an
  unoccupied dwelling with intent to commit larceny therein and
  on the further charge of larceny from a building. *Held:*

    1. The failure of the trial court to give the requested instruc-
  tion on breaking and entering an unoccupied dwelling was
  proper since the evidence presented at trial indicated that an
  occupied dwelling was involved and, under the facts of the case,
  breaking and entering an unoccupied dwelling was not a "cog-
  nate" lesser offense of the crime charged.

    2. There was no reason to instruct the jury on the offense of
  larceny in a building since it is neither a necessarily included
  offense nor a "cognate" lesser offense of the crime charged.
    Affirmed.

1. CRIMINAL LAW—LESSER INCLUDED OFFENSES—INSTRUCTIONS TO
   JURY.
   The duty of a trial judge to instruct on lesser included offenses is
     determined by the evidence; if evidence has been presented
     which would support a conviction of a lesser included offense,
     refusal to give a requested instruction on the lesser included
     offense is reversible error.

2. CRIMINAL LAW—LESSER INCLUDED OFFENSES—NECESSARILY IN-
   CLUDED OFFENSES—EVIDENCE—BREAKING AND ENTERING.
   Evidence which supports a greater offense will always support a
     lesser offense where the lesser offense is one that is necessarily
     included within the greater; therefore, in order for the offense

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial § 876.
[2] 75 Am Jur 2d, Trial § 422.
[3-7] 13 Am Jur 2d, Burglary §§ 3-6, 8, 10, 27.

of breaking and entering an unoccupied dwelling to be a lesser offense necessarily included within the offense of breaking and entering an occupied dwelling, the evidence adduced at trial must support a conviction for the former offense.

3. CRIMINAL LAW—BREAKING AND ENTERING—OCCUPIED DWELLING— CRIME AGAINST HABITATION—CRIME AGAINST PROPERTY.

The crime of breaking and entering an occupied dwelling and the crime of breaking and entering an unoccupied dwelling are of separate and independent origin; the former is an offense against habitation, the latter is an offense against property.

4. CRIMINAL LAW—BREAKING AND ENTERING—OCCUPIED DWELLING— UNOCCUPIED DWELLING.

The statutory offenses of breaking and entering an occupied dwelling and breaking and entering an unoccupied dwelling are constructed so as to be mutually exclusive, because each requires proof of an element which would necessarily preclude conviction under the other (MCL 750.110; MSA 28.305).

5. CRIMINAL LAW—BREAKING AND ENTERING—OCCUPIED DWELLING— UNOCCUPIED DWELLING—LESSER INCLUDED OFFENSES.

Breaking and entering an unoccupied dwelling is not a lesser included offense of a charge of breaking and entering an occupied dwelling where the facts indicate that the dwelling in question was occupied.

6. CRIMINAL LAW—BREAKING AND ENTERING—OCCUPIED DWELLING— UNOCCUPIED DWELLING—COGNATE LESSER OFFENSE.

Breaking and entering an unoccupied dwelling is not a "cognate" lesser offense of the crime of breaking and entering an occupied dwelling where the evidence adduced at trial will not support a conviction of the lesser offense.

7. LARCENY—LARCENY IN A BUILDING—NECESSARILY INCLUDED OFFENSE—COGNATE LESSER OFFENSE—BREAKING AND ENTERING.

Larceny in a building is neither a necessarily included offense nor a "cognate" lesser offense of breaking and entering an occupied dwelling with intent to commit larceny therein.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Anne B. Wetherholt,* Assistant Prosecuting Attorney, for the people.

*Alvin C. Sallen,* for defendant on appeal.

Before: D. E. HOLBROOK, P.J., and V. J. BRENNAN and M. F. CAVANAGH, JJ.

PER CURIAM. Defendant was charged in a one-count information with the offense of breaking and entering an occupied dwelling with the intent to commit a larceny therein, contrary to MCL 750.110; MSA 28.305.

Carlton Clayburn testified that he resides at 17621 Meyers, Detroit, Michigan, and that on November 6, 1975, he left for work after having secured his home. He further testified that he identified certain of his personal property at the 12th Police Precinct subsequent to the breaking and entering and stated the said property was in his dwelling at the time he left for work.

There was evidence that a police officer viewed the defendant entering the rear door of complainant's home and later placing various objects on the rear seat of a car parked in the alley. Defendant was arrested after a high-speed automobile chase.

Defendant was convicted of the offense charged in a jury trial and was sentenced to a term of from 10 to 15 years in prison and now appeals as of right.

The trial court charged the jury on the charged offense and also on the charge of entering without breaking an occupied dwelling with the intent to commit larceny therein. The defendant claims error in the trial court's refusal to instruct the jury on the charge of breaking and entering an unoccupied dwelling (building) with the intent to commit larceny therein, and the further charge of larceny from a building.

We first deal with the failure of the trial court to instruct on the offense of breaking and entering

of an unoccupied dwelling (building) with intent to commit a larceny therein.

In *People v Ora Jones,* 395 Mich 379, 390; 236 NW2d 461 (1975), our Supreme Court defined the term "necessarily included offenses" as follows:

"The duty of the trial judge to instruct on lesser included offenses is determined by the evidence. *People v Phillips,* 385 Mich 30; 187 NW2d 211 (1971). If evidence has been presented which would support a conviction of a lesser included offense, refusal to give a requested instruction is reversible error. *Id.* at 36, *People v Hamilton,* 76 Mich 212; 42 NW 1131 (1889).

"If the lesser offense is one that is necessarily included within the greater, the evidence will always support the lesser if it supports the greater."

In order for the offense of breaking and entering an unoccupied dwelling to be a lesser offense necessarily included within the offense of breaking and entering an occupied dwelling, then, the evidence adduced at trial must support a conviction of the defendant for the former offense. Defendant contends that the two offenses are identical except that conviction of the latter requires proof of an additional element: occupation. This is not the case, however.

The two offenses codified by MCL 750.110; MSA 28.305 are of separate and independent origin. Common-law burglary was the antecedent of the statutory offense of breaking and entering an occupied dwelling: as such that offense is clearly an offense against habitation. *People v Winhoven,* 65 Mich App 522, 526–527; 237 NW2d 540 (1975), 12 CJS, Burglary, § 16, p 678. Breaking and entering an unoccupied dwelling is a similar but clearly distinct offense, clearly an offense against prop-

erty. As noted in 12 CJS, Burglary, § 23, pp 683–684:

"Where there are statutes punishing burglary of a dwelling house, and also other provisions punishing as a separate offense the breaking and entry of a store or other building 'not adjoining to or occupied with a dwelling-house,' it is a necessary element of the latter offense that the building broken into should not adjoin, nor be occupied as, a dwelling house." (Footnote omitted.)

The Michigan Supreme Court has adopted this approach in interpreting the statutory forerunners of MCL 750.110. In *Koster v People,* 8 Mich 431, 432–433 (1860), the Court said:

"It is a plain principle of law, that where the statutes enumerate several elements as combining to create a crime, the crime can not properly be described without including all these elements. An entry into a shop or warehouse in the night, with intent to commit a felony, is not a crime under this statute, unless it also appears that the shop or warehouse is neither adjoining to nor occupied with a dwelling. Burglary, at common law, must be committed in such a place as is within the definition of a dwelling, which term has received an enlarged signification. Entering other buildings was not regarded in the same light. In making a new crime, the legislature have seen fit to select a peculiar class of buildings, and it can not be enlarged or varied."

In *People v Levey,* 206 Mich 129, 133; 172 NW 427 (1919), the Court, in applying 3 Comp Laws 1915, § 15292, the predecessor of MCL 750.110, stated that:

"There was no testimony in the case that the store which was broken into was not adjoining to or occupied with a dwelling house. *This is a necessary element of*

*the offense* (3 Comp. Laws 1915, § 15292) and should be proved." (Emphasis added.)

We adopt the same approach in the construction of MCL 750.110. In order for breaking and entering an unoccupied dwelling to be a necessarily included lesser offense in the instant case, it would be necessary that the facts show the additional element of an unoccupied dwelling. On the contrary, however, the facts indicate that the subject dwelling was occupied. This demonstrates that the statutory offenses were intended and constructed so as to be mutually exclusive. Each requires proof of an element which would necessarily preclude conviction under the other.

Breaking and entering an unoccupied dwelling is thus not a lesser included offense in the subject case under the test adopted in *Ora Jones, supra.* Furthermore, the opinion in *Ora Jones* states at 390 that:

"In the area of 'cognate' lesser offenses, the evidence in each case adduced at the particular trial must be examined to determine whether that evidence would support a conviction of the lesser offense."

Thus, in the case at bar, considering the evidence adduced at trial, breaking and entering an unoccupied dwelling was also not a "cognate" lesser offense of the crime charged.

In reference to the failure of the trial court to have charged the jury on the separate and distinct offense of larceny in a building, we find that the same is not a necessarily included offense nor is it a "cognate" lesser offense under the law in Michigan of breaking and entering an occupied dwelling with intent to commit larceny therein. *People v Page,* 73 Mich App 667, 670; 252 NW2d 239 (1977),

*People v Robert Brown,* 72 Mich App 749, 750; 250 NW2d 522 (1976), *People v Huffman,* 315 Mich 134; 23 NW2d 236 (1946).

In this regard we rule that the trial court's refusal to charge as to larceny in a building was proper.

Affirmed.

M. F. CAVANAGH, J., concurs in the result only.