PEOPLE v WHETSTONE (ON REHEARING)

Docket No. 53409. Submitted December 4, 1981, at Lansing.—Decided
September 21, 1982. Opinion on rehearing filed February 6,
1984. Leave to appeal denied, 419 Mich —.

Brenda J. Whetstone was convicted of felony murder and felony-
firearm, Saginaw Circuit Court, Frederick J. Borchard, J. The
Court of Appeals reversed the felony-murder conviction, hold-
ing that the underlying felony, a breaking and entering in the
daytime, did not support a first-degree murder conviction under
the statute as it read prior to its 1980 amendment. The court
remanded the case for entry of a conviction of second-degree
murder and resentencing. 119 Mich App 546 (1982). The prose-
cution sought rehearing, alleging that it was unreasonable to
assume that the Legislature intended to exclude daytime bur-
glaries from the statute, that defendant was charged with
attempted larceny, which was included in the statute, that
defendant should be deemed to have waived any error, and that
defendant's conviction was properly based on the underlying
felony of larceny. On rehearing, *held:*

1. Burglary, as used in the first-degree murder statute prior
to its amendment, referred to the common-law crime which
required a breaking and entering of a dwelling house in the
nighttime. The daytime breaking and entering in this case did
not support the finding of felony murder.

2. It is not clear whether larceny and attempted larceny are
cognate lesser included offenses of breaking and entering with
intent to commit larceny and could, therefore, be the basis for
a felony-murder conviction in this case.

3. Even assuming that larceny is an included offense of

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes § 293.
[2] 40 Am Jur 2d, Homicide § 72.
[3] 13 Am Jur 2d, Burglary § 8.
 50 Am Jur 2d, Larceny § 49.
[4] 75 Am Jur 2d, Trial § 876.
[5] 40 Am Jur 2d, Homicide § 228.
[6] 21 Am Jur 2d, Criminal Law § 309.
[7] 40 Am Jur 2d, Homicide § 559 *et seq.*

breaking and entering, the felony-murder conviction cannot be based upon that offense because the jury was not instructed that larceny or attempted larceny could be the crime upon which to predicate a finding of felony murder. Those offenses were, therefore, precluded from the jury's consideration.

4. Although there was some evidence at trial that the defendant acted with premeditation and deliberation, her conviction may not be based on that theory because she was not charged on that theory and did not, therefore, have the opportunity to defend such a charge.

5. The defendant did not waive the issue of premeditation and deliberation by not raising the issue at trial.

6. Because the Court of Appeals determined that the evidence was legally insufficient to support a first-degree murder conviction, the prosecution is barred by double jeopardy considerations from retrying the defendant for first-degree murder.

The prior decision of the Court of Appeals, reversing the felony-murder conviction, is affirmed.

V. J. BRENNAN, P.J., dissented, as he did in the original opinion, and would hold that the conviction should be affirmed because there was no objection at trial to the fact that the charged felony was not one of those enumerated in the felony-murder statute and, because premeditation was in fact shown, there was no prejudice to defendant.

OPINION OF THE COURT

1. CRIMINAL LAW — STATUTES — JUDICIAL CONSTRUCTION.

Criminal statutes are to be strictly construed and any ambiguity is to be resolved in favor of lenity.

2. HOMICIDE — FELONY MURDER — BURGLARY.

The term "burglary", as used in the felony-murder statute prior to the 1980 amendment to that statute, referred to the common-law crime of burglary which was a breaking and entering of a dwelling house in the nighttime; accordingly, prior to the 1980 amendment of the felony-murder statute, a conviction for felony murder could not be sustained upon proofs of a breaking and entering in the daytime (MCL 750.316; MSA 28.548).

3. LARCENY — LARCENY IN A BUILDING — BREAKING AND ENTERING.

Larceny in a building is not a necessarily included lesser offense of breaking and entering with intent to commit larceny.

4. CRIMINAL LAW — JURY INSTRUCTIONS — LESSER INCLUDED OFFEN-
   SES.

   A jury which is not instructed on lesser included offenses is
   precluded from considering those offenses; therefore, a defen-
   dant could not have been found guilty of felony murder based
   upon the commission of a larceny or attempted larceny where
   the jury was not instructed that a larceny or attempted larceny
   could be the crime upon which to base a finding of felony
   murder.

5. HOMICIDE — FIRST-DEGREE MURDER — PREMEDITATION — FELONY
   MURDER.

   A conviction of first-degree murder may not be based on the
   theory of premeditation and deliberation where the defendant
   was not put on notice that the murder charge would be based
   upon premeditation and deliberation rather than upon the
   theory of a killing during the commission of an underlying
   felony.

6. CRIMINAL LAW — RETRIAL — DOUBLE JEOPARDY.

   Retrial of a defendant on the original charge is barred by double
   jeopardy where the Court of Appeals has determined that the
   evidence presented at trial was legally insufficient to convict
   the defendant of the charged offense.

DISSENT BY V. J. BRENNAN, P.J.

7. HOMICIDE — FELONY MURDER — PRESERVING QUESTION — EVI-
   DENCE — PREMEDITATION.

   *A conviction for felony murder should not be overturned on
   appeal on the basis that the charged felony was not one of the
   felonies enumerated in the felony-murder statute where there
   was no objection on that ground in the trial court and no
   showing of prejudice since the evidence at trial would sustain a
   finding of premeditation.*

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *Robert L. Kaczmarek,*
Prosecuting Attorney, and *Kay F. Pearson,* Assis-
tant Prosecuting Attorney, for the people.

State Appellate Defender (by *Stuart B. Lev),* for
defendant on appeal.

Before: V. J. Brennan, P.J., and Allen and
T. C. Megargle,* JJ.

Allen, J. Defendant was convicted by a jury of
first-degree felony murder, MCL 750.316; MSA
28.548, and possession of a firearm during the
commission of a felony, MCL 750.227b; MSA
28.424(2). She was sentenced to consecutive statu-
torily mandated prison sentences of two years and
life for the felony-firearm and murder convictions,
respectively.

In an authored opinion released September 21,
1982,[1] this Court, in a 2-1 decision, reversed defen-
dant's conviction for first-degree felony murder
and remanded for resentencing on second-degree
murder. Such was found to be required because: (1)
the underlying felony with which defendant was
charged was breaking and entering an occupied
dwelling, (2) the offense occurred during daylight
hours, (3) at the time of the offense the felony-
murder statute did not include breaking and en-
tering an occupied dwelling but only common-law
burglary, i.e., an offense which can only be com-
mitted at night, and (4) the evidence presented at
trial did not show that a common-law burglary
had occurred. The breaking and entering/burglary
distinction was raised sua sponte by this Court at
oral argument.

On October 11, 1982, the prosecution moved for
a rehearing, claiming that: (1) it was unreasonable
to assume that the Legislature intended to exclude
daytime burglaries from the statute, (2) defendant
was charged with an attempted larceny and such
was included under the statute, (3) defendant
should be deemed to have waived any error, espe-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] People v Whetstone, 119 Mich App 546; 326 NW2d 552 (1982).

cially since there is no question that she committed first-degree murder, and (4) defendant committed felony murder based on the underlying felony of larceny. We are not persuaded.[2]

The prosecution's first claim was made and rejected in *People v Saxton,* 118 Mich App 681; 325 NW2d 795 (1982). In that case, the defendant, a minor, was charged with felony murder occurring during the daylight hours of December 16, 1974, when defendant and another broke into the victim's home, beat the victim to death and fled, taking a bottle of pennies and the victim's car. Defendant was charged with felony murder occurring during a breaking and entering. On appeal, defendant claimed he could not be convicted of felony murder where the underlying felony, breaking and entering, was not one of the enumerated felonies until March 11, 1980, when 1980 PA 28 was passed amending the statute by deleting the word "burglary" and replacing it with "breaking and entering a dwelling". The prosecution argued that burglary, a common law, was the breaking and entering of an occupied dwelling and, thus, the Legislature intended that the term "burlgary", as it existed in the felony-murder statute, encompass the course of conduct proscribed at common law. The *Saxton* panel rejected that argument saying:

"To determine the meaning of burglary as it was used in the felony-murder statute in effect in 1974, we must

[2] Our decision is further supported by the recent Supreme Court opinion in *People v Young,* 418 Mich 1; 340 NW2d 805 (1983). In *Young,* the Court held that, prior to the amendment of the first-degree murder statute, 1980 PA 28, when a "burglary" was charged as the aggravating conduct which would support a conviction of first-degree murder, the prosecution was required to prove the historic common-law elements of the offense, *i.e.,* the breaking and entering of the dwelling house of another *in the nighttime* with the intent to commit a felony therein.

examine *what the drafters of the 1931 felony-murder statute intended. People v MacDonald,* 409 Mich 110, 119; 293 NW2d 588 (1980). Criminal statutes are to be strictly construed and any ambiguity is to be resolved in favor of lenity. *People v Dempster,* 396 Mich 700, 707, 715; 242 NW2d 381 (1976); *People v Krist,* 93 Mich App 425, 433; 287 NW2d 251 (1979), *lv den* 407 Mich 963 (1980). As discussed above, burglary was a crime distinguishable from the statutory crimes of breaking and entering. As used in the felony-murder statute, the term 'burglary' referred to the common-law crime which required a breaking and entering of a dwelling house in the nighttime.

"In the present case, the breaking and entering took place in the daytime. The breaking and entering therefore fails to establish the underlying felony and defendant's first-degree murder conviction cannot be affirmed." *Saxton,* pp 690-691. (Emphasis supplied.)

The prosecution's second and fourth claims are essentially that attempted larceny and larceny are lesser included offenses of breaking and entering an occupied dwelling with intent to commit larceny and, thus, defendant's conviction can be affirmed because she committed or attempted to commit a "larceny of any kind". On the date the victim was killed and his house broken into, October 15, 1978, the statute under which defendant was tried read as follows:

"All murder which shall be perpetrated by means of poison, or lying in wait, or any other kind of wilful, deliberate and premeditated killing, or which shall be committed in the perpetration, or attempt to perpetrate any arson, rape, robbery, burglary, *larceny of any kind,* extortion or kidnapping, shall be murder of the first degree, and shall be punished by solitary confinement at hard labor in the state prison for life." MCL 750.316; MSA 28.548. (Emphasis supplied.)

Additionally, the information upon which defendant was tried read in pertinent part as follows:

"MURDER FIRST DEGREE—FELONY
"* * * did feloniously, while in the perpetration or attempted perpetration of a breaking and entering of an occupied dwelling with intent to commit larceny, kill and murder one Martin Rueger; contrary to sec. 750.316, CL 1970, as amended; MSA sec. 28.548."

Larceny in a building is clearly not a *necessarily* lesser included offense of breaking and entering with intent to commit larceny. *People v Huffman,* 315 Mich 134, 139-140; 23 NW2d 236 (1946); *People v Brager,* 87 Mich App 321, 326-327; 273 NW2d 925 (1978), *rev'd on other grounds* 406 Mich 1004; 280 NW2d 826 (1979); *People v Robert Brown,* 72 Mich App 749, 750; 250 NW2d 522 (1976); *People v Keatts,* 54 Mich App 618, 621; 221 NW2d 455 (1974), *rev'd on other grounds* 396 Mich 803 (1976), although the Supreme Court has stated that it is a cognate lesser offense. *People v Brager,* 406 Mich 1004; 280 NW2d 826 (1979).

However, the law is confused as to whether larceny in a building is a *cognate* lesser included offense of breaking and entering. In *Huffman, supra,* the Supreme Court held that the two offenses were "separate and distinct". Relying on *Huffman,* this Court found the two offenses separate and distinct, and thus, not cognate. But in *People v Kamin,* 405 Mich 482, 496; 275 NW2d 777 (1979), the Supreme Court, without mentioning *Huffman,* held that larceny was a "cognate lesser included offense of breaking and entering". This holding was repeated by order of the Supreme Court entered in *People v Brager, supra.* For further discussion of the conflicting opinions on this question, see *People v Stevens,* 130 Mich App 1; 343 NW2d 219 (1983).

However, assuming *arguendo* that larceny is a cognate included offense of breaking and entering, it does not follow that, because defendant attempted to commit a "larceny of any kind", her conviction can be affirmed. The jury was never instructed that attempted larceny or larceny could be the crime upon which to predicate a finding of felony murder. Thus, she could not have been found guilty based on those offenses:

"The instant jury was not instructed as to the elements of assault with intent to do great bodily harm less than murder. If a jury is not instructed on lesser included offenses, such offenses are, for all practical purposes, excluded from the jury's consideration. By rendering a verdict absent any instruction by the court as to the elements of the crime, the jury impermissibly usurped the function of the trial judge." *People v Lewis,* 91 Mich App 542, 545; 283 NW2d 790 (1979).

"To allow a felony murder conviction upon a finding of an attempt to commit one of the enumerated felonies, an instruction in the nature of CJI 9:1:01 must be given. Without such an instruction, the underlying crime of attempted criminal sexual conduct is removed from the jury's consideration, see *People v Henry,* 395 Mich 367, 373; 236 NW2d 489 (1975), and no murder conviction may be based thereon. The conviction of first-degree felony murder must, therefore, be vacated." *People v Horton,* 99 Mich App 40, 45-46; 297 NW2d 857 (1980).

The prosecution's third claim, *i.e.,* that defendant should be deemed to have waived the error since (a) the facts adduced at trial disclosed premeditation and (b) the issue on which reversal is predicated was not raised by defendant and was raised only *sua sponte* by this Court, must also fall. Though the testimony at trial did contain some evidence of premeditation and deliberation, it must be remembered that defendant was not called upon to defend a charge of first-degree murder predicated upon premeditation and delib-

eration. Had defendant been charged with first-degree murder based on premeditation and deliberation, she could have defended on grounds that the killing was done in the heat of passion or at least without premeditation. Because defendant had no notice of such a charge, her conviction cannot be based on that theory, even though there was some evidence of premeditation and deliberation.

Nor should the fact that defendant did not raise the error be grounds for not considering the issue on appeal. In *Saxton, supra,* as in the instant case, the identical defense was not raised at trial. Nevertheless, this Court found that the error required reversal. Having done so in *Saxton,* no less should be done in the instant case. Further, the majority of this panel having determined in our prior opinion that the issue was not waived, we decline to reverse that position at this late date.

Finally, the prosecution's request to retry defendant for first-degree murder is rejected. Essentially, this Court determined that the evidence presented at trial was legally insufficient to convict defendant of the charged offense. In such a case, the Double Jeopardy Clause of the United States Constitution bars retrial. *People v Bruno,* 115 Mich App 656, 661; 323 NW2d 176 (1982); *People v McCurtis,* 84 Mich App 460, 462-463; 269 NW2d 641 (1978), *lv den* 407 Mich 893 (1979).

Consequently, this Court did not err by reversing defendant's conviction for first-degree felony murder and our prior decision in this matter is affirmed.

T. C. MEGARGLE, J., concurred.

V. J. BRENNAN, P.J. *(dissenting).* I again dissent for the same reasons set forth in my dissent in the original opinion in this cause reported in 119 Mich App 546; 326 NW2d 552 (1982).