PEOPLE v CLEMONS

Docket No. 106030. Submitted April 10, 1990, at Detroit. Decided May 10, 1990. Leave to appeal applied for.

Willie Clemons was charged with three counts of first-degree murder and one count of burning real property. Pursuant to a plea bargain, Clemons was convicted on his pleas of guilty in Recorder's Court of Detroit, Clarice Jobes, J., of three counts of second-degree murder and one count of burning real property. Defendant was sentenced to a prison term of from six to ten years on the burning real property count, terms of life imprisonment on two of the second-degree murder counts and a term of from twenty-five to seventy-five years on the third count of second-degree murder. Defendant appealed.

The Court of Appeals *held*:

1. The term arson as used in the first-degree murder statute was intended to include the acts made criminal under the burning of real property statute. Accordingly, since defendant could have been convicted of first-degree felony murder, his plea bargain to second-degree murder was not illusory.

2. There was a sufficient factual basis to establish his pleas. The element of malice could be inferred from defendant's intentional setting of the fire.

3. Defendant was not denied effective assistance of counsel.

4. The sentences imposed are not excessive and did not shock the conscience of the Court of Appeals.

Affirmed.

1. WORDS AND PHRASES — ARSON — CRIMINAL LAW — FELONY MURDER.

The term arson as used in the felony-murder language of the first-degree murder statute includes the acts punishable under the statute making it a felony to burn real property (MCL 750.73; MSA 28.268, MCL 750.316; MSA 28.548).

REFERENCES

Am Jur 2d, Homicide §§ 72, 79, 438, 442.

What felonies are inherently or foreseeably dangerous to human life for purposes of felony-murder doctrine. 50 ALR3d 397.

2. HOMICIDE — SECOND-DEGREE MURDER — MALICE — EVIDENCE — INFERENCES.

    The malice necessary to convict of second-degree murder for deaths occurring during a fire can be inferred from the act of intentionally setting the fire that resulted in the deaths.

*Frank J. Kelley,* Attorney General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division Research, Training and Appeals, and *Don W. Atkins,* Principal Attorney, Appeals, for the people.

*Rose Mary C. Robinson,* for defendant on appeal.

Before: HOLBROOK, JR., P.J., and McDONALD and JANSEN, JJ.

PER CURIAM. Defendant was charged with three counts of first-degree murder, MCL 750.316; 28.548, and one count of burning real property, MCL 750.73; MSA 28.268. Pursuant to a plea bargain, defendant pled guilty to three counts of second-degree murder, MCL 750.317; MSA 28.549, and one count of burning real property. Defendant was sentenced to six to ten years in prison on the burning real property count, life imprisonment on two counts of second-degree murder, and twenty-five to seventy-five years on the third count of second-degree murder. Defendant appeals as of right alleging that his plea bargain was illusory, there was an insufficient factual basis to support his plea, he was denied effective assistance of counsel, and his sentence should shock this Court's conscience. We disagree and affirm.

First, defendant argues that his plea bargain was illusory, since he could not have been convicted of first-degree felony murder because burning real property other than a dwelling is not included within the felony-murder statute. We

disagree. MCL 750.316; MSA 28.548 provides that murder which is committed in the perpetration or attempt to perpetrate arson is murder in the first degree. In order to determine the meaning of arson within the felony-murder statute, we examine what the drafters of the 1931 felony-murder statute intended. *People v Whetstone (On Reh)*, 131 Mich App 669, 673-674; 346 NW2d 845 (1982), lv den 419 Mich 881 (1984). We find that the Legislature intended that the word "arson" apply to MCL 750.73; MSA 28.268, burning of real property. This statute was derived from 1929 CL 16935 which was specifically designated as the crime of arson. The charge of burning real property is included presently under the section entitled "Arson and Burning." We find that the defendant therefore could have been charged with first-degree felony murder and that his plea bargain was not illusory.

Second, defendant argues that there was an insufficient factual basis to establish his plea of guilty. In determining whether a sufficient factual basis for a plea exists, this Court determines whether a trier of fact could properly convict on the facts as stated by the defendant. *People v Haack*, 396 Mich 367, 376; 240 NW2d 704 (1976). On the basis of the record which indicated that defendant had set fire to two bales of combustible material in the warehouse, we find there was sufficient evidence for a trier of fact to convict defendant of second-degree murder and burning real property. The malice necessary to find defendant guilty of second-degree murder could be inferred from the fact that he intentionally set fire to the building. Defendant's plea was based on a sufficient factual basis.

Third, defendant alleges that his plea was involuntary and was the result of ineffective assistance

of counsel. We disagree. A review of the record indicates that defendant was informed of the general nature of the charges against him. Defendant admitted that he was satisfied with the advice and counsel which he received and that he had not been forced to plead guilty and was pleading guilty because he really was guilty. Based on this evidence, we find that defendant's plea was voluntary. Defendant's claim that his plea was involuntary because of the fact that he was unaware of the elements of second-degree murder and the legal distinction between first- and second-degree murder is without merit. *People v Lovett,* 90 Mich App 169, 175-176; 283 NW2d 357 (1979), lv den 407 Mich 884 (1979). Having found that defendant's plea was voluntary, we find that defendant was also not denied effective assistance of counsel. *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976), reh den 399 Mich 1041 (1977); *Tollett v Henderson,* 411 US 258; 93 S Ct 1602; 36 L Ed 2d 235 (1973).

Finally, defendant alleges that his sentence should shock the judicial conscience and violates *People v Moore,* 432 Mich 311, 323-324; 439 NW2d 684 (1989). We disagree. First, the trial court sentence does not shock our conscience considering the seriousness of the offense and the fact that three individuals died as a result of defendant's reckless disregard of the results of his actions. Further, defendant's prior criminal history and the protection of society support the trial court's sentence. Defendant's sentence does not shock our conscience. *People v Coles,* 417 Mich 523, 537; 339 NW2d 440 (1983). Furthermore, defendant's sentence of twenty-five to seventy-five years on the third count of murder in the second degree does not violate the provisions of *Moore.* The sentence is one which is reasonably possible for the defen-

dant to actually serve, as measured by the minimum sentence. *Moore, supra,* p 329; *People v Rushlow,* 179 Mich App 172; 445 NW2d 222 (1989).

Affirmed.