610 N.W.2d 917 (2000)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Willie James CLEMONS, Defendant-Appellant.
Docket No. 115768, COA No. 202864.
Supreme Court of Michigan.
May 26, 2000.
On order of the Court, the delayed application for leave to appeal from the September 14, 1999 decision of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
*918 TAYLOR, J., concurs and states as follows:
At the time the plea bargain at issue was negotiated, a good faith argument could be made to pursue a felony murder charge. Thus, defendant received something of value in exchange for pleading guilty to second-degree murder: the dismissal of a then-valid felony murder charge. The fact that subsequent law indicates that these facts would not support a felony murder charge does not transform this deal into an illusory plea bargain. Because the plea bargain was not illusory when it was made, I am convinced that it was not involuntary as a matter of law.
MARILYN J. KELLY, J., dissents and states as follows:
I would grant defendant's application for leave to appeal. Defendant's case raises the issue whether defendant's plea bargain was involuntary as a matter of law because the bargain on which it was based was illusory. Our Court of Appeals has held that, under certain circumstances, a guilty plea based on an illusory bargain will be invalidated. See People v. Mrozek, 147 Mich.App. 304, 306-307, 382 N.W.2d 774 (1985).
Here, defendant asserts that his plea of guilty to a charge of second-degree murder was based on an illusory bargain. The prosecutor originally charged defendant with first-degree felony murder, because the prosecutor believed that defendant had committed arson and caused the death of several firefighters. See M.C.L. § 750.316; MSA 28.548. However, some years after defendant pleaded guilty, this Court ruled that a charge of arson requires the burning of a dwelling place. People v. Reeves, 448 Mich. 1, 528 N.W.2d 160 (1995). Defendant did not burn a dwelling place, rather he burned an abandoned warehouse. Thus, defendant asserts, the prosecutor's promise to dismiss a charge that could not have been properly brought renders that promise and defendant's plea bargain illusory. The issue becomes whether we are to apply Reeves retroactively, with the effect that it renders defendant's plea bargain illusory. The general rule is that judicial decisions are given retroactive effect. People v. Doyle, 451 Mich. 93, 104, 545 N.W.2d 627 (1996). Complete prospective effect has been limited to decisions that overturn clear and uncontradicted case law. Id. If Reeves is not to be applied retroactively, then the validity of defendant's guilty plea must be determined according to the law on the day the plea was taken. People v. Osaghae, 460 Mich. 529, 533, 596 N.W.2d 911 (1999).
Thus, this case presents the following questions:
 First, did Reeves constitute a substantial change in the law that is to be applied retroactively? (Reeves overruled a published Court of Appeals opinion that, ironically, was this defendant's appeal as of right. See People v. Clemons [Clemons I], 184 Mich.App. 726[, 459 N.W.2d 40 (1990)].)
 Second, did the published Court of Appeals decision in Clemons I constitute clear and uncontradicted case law so that the Reeves decision reversing it must be applied only prospectively? See Doyle, supra. Do Court of Appeals decisions constitute clear and uncontradicted case law for purposes of Doyle when this Court has not taken a position on the matter?
I would grant leave to consider these questions.[1] I would also address the potential for an absurd result. If defendant had been convicted of first-degree felony murder and a later decision of this Court *919 determined that first-degree felony murder did not apply, then defendant would have a good chance of prevailing on a motion for relief from judgment. See MCR 6.508(D). Therefore, if this Court denies leave, defendant, who pleaded to a lesser charge, ultimately may incur a punishment more severe than had he been convicted of the higher charge. I cannot sanction such a result and would grant leave to consider that issue, as well.
NOTES
[1] In concluding that defendant's plea bargain was not illusory when it was made, the concurring statement begs the question. If we were to rule that Reeves, supra, is to be given retroactive effect, defendant's plea would have been illusory when it was made. The question is what was the law when the plea was made, taking into consideration the possible retroactive effect of Reeves.